**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRAIG EDELMANN and ELIZABETH JONES as Co-Personal Representatives of the Estate of Andrew Edelmann, deceased,<br>　　　and<br>AIDA PABON,<br>　　　　　　　　　*Plaintiffs,*<br><br>　v.<br><br>JOHN DOE NEW CASTLE COUNTY POLICE OFFICER NO. 1, in his individual capacity and in his official capacity as an employee of New Castle County Police Department,<br>　　　and<br>VAUGHAN M. BOND, JR., in his official capacity as Director of Public Safety for County of New Castle,<br>　　　and<br>NEW CASTLE COUNTY,<br>　　　　　　　　　*Defendants.* | COMPLAINT FOR DAMAGES<br><br>Civil Action No.<br><br><br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW Plaintiffs Craig Edelmann and Elizabeth Jones as Co-Personal

Representatives of the Estate of Andrew Edelmann, deceased, and Aida Pabon, individually, by

and through their undersigned counsel Marrone Law Firm, LLC[1] and The Sharma Law Firm,

LLC, for causes of action against Defendants John Doe New Castle County Police Officer No. 1

(hereinafter "Officer Doe"), Vaughan M. Bond, Jr. and the County of New Castle, Delaware, for

---

[1] Concurrently with the filing of this Civil Action Complaint, Plaintiffs' counsel Aman K. Sharma, Esq. is filing Motions for Admission *Pro Hac Vice* for Plaintiffs' counsel Joseph M. Marrone, Esq. and Michael D. Pomerantz, Esq. of the Marrone Law Firm, LLC pursuant to Local Rule 83.5.

violations of the United States Constitution and state law, and seeking compensatory and punitive damages, and in support thereof, assert the following:

## I.    NATURE OF ACTION

1.    This civil action for money damages arises from an unjustified and excessive use of deadly force by Defendant Officer Doe on March 6, 2023. As a result of this shooting, Officer Doe killed 22-year-old Andrew Edelmann (hereinafter "Edelmann") and caused severe and permanent injury to Aida Pabon (hereinafter "Pabon").

2.    Plaintiffs have instituted this action under 42 U.S.C. § 1983, 1985, 1986 and 1988; the Fourth and Fourteenth Amendment to the United States Constitution; and the common, statutory and constitutional laws of the state of Delaware.

3.    This action is brought to redress injuries, damages, and other losses suffered by the Decedent and Plaintiff Pabon as a result of the violations of their rights to be free from excessive force by New Castle County police officers.


## II.    JURISDICTION AND VENUE

4.    This Court has Jurisdiction over this action because it is brough pursuant to 42 U.S.C. § 1983, 1985, 1986 and 1988; the Fourth and Fourteenth Amendment to the United States Constitution. Jurisdiction is founded on 28 U.S.C. § 1331, 1343, 1367 and the aforementioned statutory provisions.

5.    Plaintiffs invoke the supplemental jurisdiction of this Court to hear claims arising under state law. Written notice of Plaintiffs' claims was timely served upon the County Executive of New Castle, as required by applicable state and municipal law.

6.     This Court is the proper federal venue for this action because Defendants reside in, and Plaintiffs' claims arose within, the geographical boundaries of the District of Delaware within the meaning of 28 U.S.C. § 1391(b).

## III.    PARTIES

7.     Plaintiff Craig Edelmann is an adult individual who resides in Delaware and is the father and co-personal representative of the estate of Andrew Edelmann, deceased.

8.     Plaintiff Elizabeth Jones is an adult individual who resides in Delaware and is the grandmother and co-personal representative of the estate of Andrew Edelmann, deceased.

9.     Plaintiff Aida Pabon is an adult individual who resides in Delaware.

10.     Defendant John Doe New Castle County Police Officer No. 1 ("Defendant Officer Doe") is an adult individual who, at all relevant times, was a duly appointed and acting police officer of the New Castle County Police Department. Claims made herein against Officer Doe are against him individually and in his official capacity as a New Castle County police officer.

11.     At all relevant times Defendant Officer Doe was acting in the course and scope of his employment as a New Castle County Police Officer and under color of state law.

12.     Defendant Vaughan M. Bond, Jr. is an adult individual who, at all relevant times, was the Director of Public Safety for New Castle County. Claims made herein against Defendant Bond are against him in his official capacity.

13.     Defendant New Castle County is a duly incorporated or formed municipal or local government in the State of Delaware and is the employer of Defendant Officer Doe. At all relevant times, Officer Doe was acting under color of state laws, and/or ordinances, regulations,

3

statutes, customs and usages of New Castle County and with the complete authority and

ratification of their principal, New Castle County.

14.     At all relevant times, Defendant Bond and Defendant New Castle County had

managerial, supervisory and policymaking responsibilities for the New Castle County police

department.


IV.    **FACTUAL BACKGROUND**

15.     On the evening of Monday, March 6, 2023, Decedent and his friend Aida Pabon

traveled to the 7-11 store located at 298 South Maryland Avenue, Wilmington Delaware.

16.     Mr. Edelmann was in the driver seat of a Hyundai sport utility vehicle that he had

borrowed from his grandmother, Plaintiff Elizabeth Jones. Ms. Pabon was seated in the front

passenger seat.

17.     Edelmann and Pabon arrived at the 7-11 at approximately 7:30 p.m. Edelmann

reversed into a parking spot in front of the store. Other vehicles were also parked in front of the

store at that time.

18.     Unknown to Edelmann and Pabon, New Castle County Police, including Officer

Doe, had targeted that 7-11 for the purpose of a narcotics investigation and arrest.

19.     Plaintiffs believe, and therefore aver, Defendants intended to arrest Edelmann and

Pabon in connection with the above-described narcotics investigation.

20.     Immediately after Edelmann and Pabon had backed into their parking space,

Defendant Officer Doe emerged from a pickup truck that came speeding into the parking lot and

partially blocked the path in front of Edelmann's vehicle out of its parking place.

21.     Defendant Officer Doe came out of the pickup with his pistol drawn.

22.     At all relevant times, Defendant Officer Doe and the other members of the New Castle County Police Department who were on the scene were in "plainclothes" instead of police uniforms.

23.     There is a dispute as to whether Defendant Officer Doe or any other police officers on the scene identified themselves as police at the moment that Defendant Officer Doe came out of the pickup with his gun drawn.

24.     According to Aida Pabon, who was in the front passenger seat, Edelmann immediately put his hands up when Defendant Officer Doe appeared with his pistol pointed at them.

25.     Officer Doe could observe that Edelmann had nothing in his hands.

26.     Officer Doe could observe that Edelmann was not pointing anything at him.

27.     Officer Doe could observe that Edelmann made no threatening movements or gestures of any kind toward him or anyone else.

28.     Officer Doe did not give Edelmann any oral warning that deadly force would be used prior to shooting Edelman and he did not provide appropriate commands to Edelmann or Pabon.

29.     Suddenly, and without any warning, justification, or provocation, Defendant Officer Doe opened fire at the vehicle occupied by Edelmann and Pabon.

30.     After being struck by at least one bullet fired by Defendant Officer Doe, Edelmann lost control of the vehicle, which had been idling at the time Defendant Officer Doe began shooting.

31.     According to surveillance video, the vehicle occupied by Edelmann and Pabon proceeded forward and to the left. Surveillance video also shows Defendant Officer Doe repeatedly firing his pistol into the SUV's passenger compartment from close range.

32.     During the incident, Defendant Officer Doe shot Edelmann multiple times, causing him to suffer fatal injuries. Defendant Officer Doe also shot Aida Pabon, causing her to suffer severe and permanent injuries.

33.     At no time did any other police officer discharge their weapon.

34.     At no time was the life, health or safety of any individual at the scene placed at risk by the conduct of Andrew Edelmann or Aida Pabon.

35.     At no time was the life, health, or safety of Defendant Officer Doe placed at risk by the conduct of Andrew Edelmann or Aida Pabon.

36.     At all relevant times Andrew Edelmann and Aida Pabon conducted themselves as reasonable individuals who maintained a proper lookout for their safety and at no time assumed the risk of Defendant Officer Doe's conduct.

37.     As a direct result of the Defendants' conduct as set forth herein, Decedent Andrew Edelmann was caused to suffer catastrophic and agonizing injuries of which he had conscious awareness prior to his death.

38.     As a direct result of the Defendants' conduct as set forth herein, Plaintiff Aida Pabon was caused to suffer gunshot wounds to her leg, requiring surgical intervention and the placement of internal hardware.

## V.    LEGAL CLAIMS

### WRONGFUL DEATH ACTION

35.     Plaintiffs Craig Edelmann and Elizabeth Jones hereby bring Wrongful Death claims in the Counts *infra* pursuant to 10 *Del. C.* § 3724 et seq. ("Action for Wrongful Death"), and 10 *Del. C.* § 3701 et seq. ("Survival of Actions") on behalf of all those persons entitled by law to recover damages as a result of the wrongful death of Andrew Edelmann.

36.     No other action has been brought to recover for Andrew Edelmann's death under the aforementioned statutes.

37.     Plaintiffs Edelmann and Jones claim all available damages  under the Delaware Wrongful Death Statute for financial contributions and the loss of support, household services, affection, guidance, tutelage, and contribution that the Plaintiffs' decedent would have rendered to the wrongful death beneficiaries but for his untimely and unnatural death.

38.     Plaintiffs claim damages for payment of all medical bills, funeral costs, and mental anguish suffered by the wrongful death beneficiaries.

39.     Plaintiffs claim damages for pain, suffering and anguish suffered by Plaintiffs' decedent prior to his untimely and unnatural death.


**COUNT I – VIOLATION OF 42 U.S.C. §§ 1983, 1985, 1986,
FOURTH AND FOURTEENTH AMENDMENT
<u>All Plaintiffs v. Defendant Officer Doe</u>**

40.     Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

41.     Edelmann and Pabon did not physically resist or assault Defendant Officer Doe in any way, nor did they pose an immediate threat to the safety of Defendant Officer Doe or anyone else.

42.     The actions of Defendant Officer Doe constituted excessive, unreasonable, and unjustifiable force against Edelmann and Pabon, and therefore violated their clearly established rights to be free from excessive, unreasonable force, and unreasonable search and seizure.

43.     Defendant Officer Doe actually knew that shooting directly at Edelmann and Pabon while they were seated in the SUV had a substantial risk of serious injury and death.

44.     The actions of Defendant Officer Doe in continuing to shoot at Edelmann and Pabon were grossly inappropriate in light of the non-existent risk.

45.     Defendant Officer Doe recognized his actions were wrong and presented a risk of severe bodily harm and death to Edelmann and Pabon. Officer Doe's response to the knowledge noted above was so inadequate as to show deliberate indifference.

46.     The conduct of Defendant Officer Doe, in shooting Edelmann and Pabon while while they were seated in the SUV, helpless, and non-threatening, shocks the conscience and is fundamentally offensive to a civilized society.

47.     The actions of Defendant Officer Doe amount to callous, reckless, or deliberate indifference to the constitutional rights of Edelmann and Pabon and caused them to suffer constitutional deprivation.

48.     The actions of Officer Doe violated clearly established and well settled constitutional rights of Plaintiff, including, but not limited to:

      a.   Freedom from the unreasonable seizures of their persons; and

      b.   Freedom from the excessive, unreasonable and unjustified force against their persons.

49.     The acts of Defendant Officer Doe were done in reckless disregard of Edelmann's and Pabon's rights, or were grossly negligent, or were deliberately indifferent to the rights of Edelmann and Pabon.

50.     The acts of Defendant Officer Doe were committed maliciously, wantonly, willfully, without probable or reasonable cause, excuse, or justification, and done with reckless disregard and therefore warrant the imposition of exemplary and punitive damages in addition to compensatory damages.

51.     As the result and proximate cause of the excessive use of force by Defendant Officer Doe, Edelmann and Pabon suffered, and Pabon will continue to suffer, emotional distress, humiliation, embarrassment, and other injuries, damages, and losses.

52.     There is an affirmative causal link between the actions of Defendant Officer Doe and the particular injuries and losses suffered by Edelmann and Pabon.

53.     Defendant Officer Doe is liable for infliction of excessive, unreasonable force and infliction of unreasonable seizure, in violation of Edelmann's and Pabon's clearly established rights under the Fourth Amendment, and applied to state actors by the Fourteenth Amendment, to the United States Constitution, through 42 U.S.C. § 1983, to be free from infliction of excessive, unreasonable force, and unreasonable seizure.

54.     As a direct and proximate result of the said acts of Defendant Officer Doe, Decedent Andrew Edelmann suffered damages, including but not limited to, the following:

    a.  violation of Decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person and cruel punishment;

    b.  physical pain and suffering;

    c.   emotional trauma and suffering; and

    d.   death.

55.    As a direct and proximate result of the said acts of Defendant Officer Doe, Plaintiff Aida Pabon suffered damages, including but not limited to, the following:

    a.   violation of Decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person and cruel punishment;

    b.   physical pain and suffering; and

    c.   emotional trauma and suffering.

56.    Defendant Officer Doe committed the following acts and/or omissions in violation of U.S.C. § 1983 and the United States Constitution by using an unreasonable amount of force on the bodies of Andrew Edelmann and Aida Pabon.

### COUNT II – VIOLATION OF 42 U.S.C. §§ 1983, 1985, 1986, FOURTH AND FOURTEENTH AMENDMENT
### All Plaintiffs v. Defendant Officer Doe

57.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

58.    The denial of medical care by Defendant Officer Doe at the scene of the shooting deprived Edelmann and Pabon of their right to be secure in their persons against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

59.    As a result, Edelmann and Pabon suffered extreme mental and physical pain and suffering. Defendant Officer Doe knew that his failure to provide timely medical treatment to

Edelmann and Pabon could result in death, further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Edelmann and Pabon great bodily harm and emotional suffering. And further causing Edelmann death.

60.    The conduct of Defendant Officer Doe was willful, wanton, malicious and done with reckless disregard for the rights and safety of Edelmann and Pabon and therefor warrants the imposition of exemplary and punitive damages.

### COUNT III – VIOLATION OF 42 U.S.C. §§ 1983, 1985, 1986, SUBSTANTIVE DUE PROCESS
### All Plaintiffs v. All Defendants

61.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

62.    Edelmann and Pabon had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference involving excessive and brutal use of physical force.

63.    As a result of the excessive force used by Defendant Officer Doe, Edelmann and Pabon were deprived of their constitutional right to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference involving excessive and brutal use of physical force.

64.    Edelmann and Pabon had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property by state actors acting under color of state law.

65.    Defendant Officer Doe, acting under color of state law, thus violated the Fourteenth Amendment rights of Edelmann and Pabon to be free from unwarranted state interference involving excessive and brutal use of physical force that was applied to him in such a manner as to shock the conscience.

66.    Defendant Officer Doe, acting under color of state law, thus violated the Fourteenth Amendment rights of Edelmann and Pabon to be free from unwarranted state interference involving intentional acts of harm or with deliberate indifference to their rights in such a manner as to shock the conscience.

### COUNT IV – *MONELL* CLAIM
### All Plaintiffs v. Defendants Bond and New Castle County

67.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

68.    On and for some time prior to March 6, 2023, (and continuing to the present date), defendants deprived Edelmann and Pabon of their rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and of persons in his class, situation, and comparable position in particular, knowingly maintained, enforced, and applied official recognized customs, policies, and practices as described hereto.

69.    New Castle County Police Officers have a history of shooting people who posed no threat to officers at the time of the shooting.

70.     It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of New Castle County to perform the following acts and/or omissions:

a.  New Castle County police officers have committed acts of excessive force against civilian individuals;

b.  New Castle County police officers have violated or ignored internal customs, practices, and policies otherwise designed for public safety when adhering to the same would put their fellow officer in a negative light;[2]

c.  Supervisory individuals from New Castle County fail to properly discipline New Castle police officers that have committed an act of excessive force against civilian individuals;

d.  Supervisory individuals from New Castle County fail to hold police officers accountable when they use deadly force unjustifiably by means of criminal charges or internal disciplinary measures;

e.  Supervisory individuals from New Castle County continue to teach and train New Castle County police officers it is acceptable to shoot at unthreatening individuals despite overwhelming evidence that so doing comprises an act of excessive force upon another, often resulting in injuries or fatalities;

---

[2]     In 2020, following the murder of George Floyd by a Minneapolis police officer, Defendants Bond and New Castle County published a response outlining policies of the County that would ensure fair and safe administration of law enforcement services within the county. One of the specific policies set forth in that response was that officers should only be employed as a last resort. The complete publication can be viewed by following this link:

https://www.newcastlede.gov/DocumentCenter/View/38446/FINAL#:~:text=Our%20use%20of%20force%20is,officers%20will%20discontinue%20all%20force

f.  Supervisory individuals from New Castle County fail to discipline officers for incompetency or inefficiency in the performance of their duties;

g.  Supervisory individuals from New Castle County do not provide proper training to police officers to ensure the proper use of their guns or other means of deadly force;

h.  Supervisory individuals from New Castle County do not provide provision of non-lethal means of arrest or apprehension and/or proper training to police officers to ensure the proper use of non-lethal means of arrest or apprehension;

i.  New Castle County's failures, acts, and/or omissions create a custom, usage, or unwritten policy that allows New Castle County police officers to engage in acts of excessive force without being held accountable, which results in the injury to civilians;

j.  New Castle County's failures, acts and/or omissions create a custom, usage, or unwritten policy that allows New Castle County police officers to engage in acts of excessive force without being held accountable, which results in the injury to civilians. The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of New Castle County to the clearly established constitutional rights of persons within the city and were the cause of the violations of Plaintiff's clearly established rights alleged herein.

71.  The above-described policies demonstrate a deliberate indifference on the part of policymakers of New Castle County to the clearly established constitutional rights of persons within the city and state and were the cause of the violations of Edelmann's and Pabon's clearly established rights alleged herein.

72.     As a result of the misconduct permitted by the custom, practice and policy of County of New Castle, through its employees, Edelmann and Pabon suffered serious injuries and death as alleged in this complaint.

### COUNT V – MUNICIPAL LIABILITY FOR FAILURE TO TRAIN
### All Plaintiffs v. Defendants Bond and New Castle County

73.     Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

74.     While acting under color of state law and within the course and scope of his employment as police officers for the County police department, Defendant Officer Doe's shooting of Edelmann and Pabon, deprived them of their rights and liberties secured to them by the Fourth and Fourteenth Amendments as stated herein.

75.     The training policies of the defendant County police department were not adequate to train its police officers, including but not limited to Defendant Officer Doe, with respect to use of deadly force. As a result, County police officers, including Defendant Officer Doe, are not able to handle the usual and recurring situations with which they are presented, including making contact with unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

76.     New Castle County police department was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including Defendant Officer Doe, adequately with regards to using deadly force. This inadequate training includes failing to teach officers to give a verbal warning when feasible prior to using deadly force, to give commands when feasible prior to using deadly force, to take cover when the officers believe an

individual is armed, to distinguish unarmed persons from armed persons, to announce themselves as police, to use less than lethal options, prior to resorting to the use of deadly force.

77.    Defendants Bond and New Castle County were aware that failure to implement some sort of training with respect to their officers' use of deadly force and dealing with unarmed suspects would result in continuing to have numerous unreasonable officer-involved shootings of unarmed individuals with regularity.

78.    The failure of Defendant Bond and County police department to provide adequate training with regards to using deadly force caused the deprivation of Edelmann's and Pabon's rights by Defendant Officer Doe. In other words, the Defendants' failure to train is so closely related to the deprivation of the Edelmann's and Pabon's rights as to be the moving force that caused the ultimate injury.

79.    By failing to provide adequate medical training to the County's police officers, including Officer Doe, Defendants acted with an intentional, reckless, and callous disregard for the lives of Edelmann and Pabon and their constitutional rights. Each of Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

## COUNT VI – VIOLATION OF DELAWARE CONSTITUTIONAL LAW, ARTICLE I, §§ 6 AND 11
### All Plaintiffs v. Defendant Officer Doe

80.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

81.    Article I, Sections 6 and 11 of the Delaware Bill of Rights, prohibits unreasonable seizures and cruel punishments.

82.    The deadly force Defendant Officer Doe used against Edelmann and Pabon was unnecessary, unreasonable, and excessive.

83.    The force Defendant Officer Doe used against Edelmann and Pabon constitutes an unreasonable seizure of and cruel punishment of Plaintiff in violation of Article I, Sections 6 and 11 of the Delaware Bill of Rights.

84.    As a result of the actions of Defendant Officer, Edelmann and Pabon suffered severe and permanent damages, including Edelmann's death.

## COUNT VII – ASSAULT
## All Plaintiffs v. Defendant Officer Doe

85.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

86.    Defendant Officer Doe, while working as a police officer for New Castle County police department and acting within the course and scope of his duties, intentionally shot Edelmnann and Pabon multiple times, while they constituted no threat to him. The use of deadly force was excessive and unreasonable and there were less-than-lethal options available. As a result of the actions of Defendant Officer Doe, Edelmann and Pabon suffered severe mental and physical pain and suffering and loss of enjoyment of life, and loss of life for Edelmann. Defendant Officer Doe had no legal justification for using force against Edelmann and Pabon and said defendant's use of force while carrying out his official duties was an unreasonable use of force, especially in light of Edelmann and Pabon posing no threat.

87.    Defendant Officer Doe's actions caused Edelmann and Pabon to be in fear of immediate harmful or offensive contact and at no time did Defendant Officer Doe have or attempt to obtain Edelmann's or Pabon's consent.

88.     The conduct of Defendant Officer Doe was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Edelmann and Pabon.

89.     Plaintiffs are entitled to recover against Defendant Officer under the common law of Delaware for Plaintiff's injuries and losses.

## COUNT VIII – BATTERY
## All Plaintiffs v. Defendant Officer Doe

90.     Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

91.     Defendant Officer Doe, while working as a police officer for New Castle County police department and acting within the course and scope of his duties, intentionally shot Edelmnann and Pabon multiple times, while they constituted no threat to him. The use of deadly force was excessive and unreasonable and there were less-than-lethal options available. As a result of the actions of Defendant Officer Doe, Edelmann and Pabon suffered severe mental and physical pain and suffering and loss of enjoyment of life, and loss of life for Edelmann. Defendant Officer Doe had no legal justification for using force against Edelmann and Pabon and said defendant's use of force while carrying out his official duties was an unreasonable use of force, especially in light of Edelmann and Pabon posing no threat.

92.     Defendant Officer Doe's actions caused Edelmann and Pabon to experience harmful or offensive contact and at no time did Defendant Officer Doe have or attempt to obtain Edelmann's or Pabon's consent.

93.     The conduct of Defendant Officer Doe was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Edelmann and Pabon.

18

94.     Plaintiffs are entitled to recover against Defendant Officer under the common law of Delaware for Plaintiff's injuries and losses.

## COUNT IX – NEGLIGENCE
## All Plaintiffs v. All Defendants

95.     Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

96.     The actions and inactions of the Defendants were negligent, including but not limited to:

    a.  The failure to properly and adequately train employees, including Defendant Officer Doe, with regards to the use of force, including deadly force;

    b.  The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against Edelmann and Pabon;

    c.  The negligent tactics and handling of the situation with Edelmann and Pabon, including the post-shooting provision of medical care and investigation of the scene of the shooting;

    d.  The negligent detention, arrest, use of force, including deadly force, against Edelmann and Pabon;

    e.  The failure to provide and or summons prompt medical care to Edelmann and Pabon;

    f.  Shooting a citizen who had nothing in his hands and made no threatening gestures or movements of any kind to another person;

    g.  Failure to train with respect to distinguishing between threatening and non-threatening citizens;

h.  Failure to give a verbal warning or any kind of command prior to shooting; and

i.  The failure to properly train, supervise, and discipline employees, both

professional and non-professional, including Defendant Officer Doe.

97.    As a direct and proximate result of the Defendants' conduct as alleged above, and other undiscovered negligent conduct, Edelmann and Pabon were caused to suffer severe pain and suffering, among other damages, including Edelmann's death.

98.    Defendants Bond and New Castle County are vicariously liable for the wrongful acts of Defendant Officer Doe as the latter was acting in the course and scope of his employment at the time of his actions.

## COUNT X – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff Pabon v. Defendant Officer Doe

99.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

100.    At all relevant times, Plaintiff Aida Pabon had a close, personal relationship with decedent Andrew Edelmann.

101.    At all relevant times, the conduct of Defendant Officer Doe shooting Andrew Edelmann led to the horrifying and graphic wounding and eventual killing of Andrew Edelmann.

102.    At all relevant times, Plaintiff Aida Pabon was in the "zone of danger" when the shooting and killing of Andrew Edelmann took place because she was sitting right next to him at the time he was repeatedly shot by Defendant Officer Doe.

103.    Plaintiff Aida Pabon jad a sensory and contemporaneous observation of the wounding and death of Andrew Edelmann at the moment of that wounding and death occurring.

104.    As a result of the relationship between Pabon and decedent, Plaintiff's close proximity to the decedent at the time he was killed, and the extreme shock and severe emotional distress caused by Defendant Officer Doe's conduct, Plaintiff Pabon is entitled to recover for negligent infliction of emotional distress.

## COUNT XI – GROSS NEGLIGENCE
## All Plaintiffs v. Defendant Officer Doe

105.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

106.    At all relevant times alleged herein, Defendant Officer Doe owed Edelmann and Pabon a duty of care to use only the amount of force necessary to apprehend and detain them.

107.    Defendant Officer Doe breached his duty to Edelmann and Pabon by arresting them without probable cause.

108.    Defendant Officer Doe breached his duty by shooting Edelmann and Pabon multiple times with a firearm on a public street while Edelmann and Pabon were seated in a vehicle.

109.    Defendant Officer Doe breached his duty to Edelmann and Pabon by failing to use a reasonable amount of force to subdue suspects who were seated in a vehicle and did not act in a threatening manner.

110.    Defendant Officer Doe acted with reckless indifference to the welfare of Edelmann and Pabon and his actions in shooting them multiple times with a firearm when he exited his vehicle, when there was a clear path to retreat, and when he had given Edelmann and Pabon no verbal warnings or commands.

111.   As a direct and proximate result of the grossly negligent actions of Defendant Officer Doe, Edelmann and Pabon sustained both serious and permanent injuries, and in Edelmann's case death.

112.   Defendant Officer Doe was acting within the course and scope of his employment with New Castle County at the time of the incident, which is the basis of this lawsuit.

113.   Defendants Bond and New Castle County are responsible for the conduct of Defendant Officer Doe under the doctrine of *respondeat superior* due to the master- servant relationship which existed at the time of the incident, and which is the basis of this lawsuit;

114.   Plaintiffs' allegations of gross or wanton negligence against Defendant Officer Doe are not barred by the Delaware State Tort Claims Act (10 *Del. C.* § 4001) as sovereignty is not a valid defense to allegations of gross or wanton negligence.

115.   Defendant Officer Doe had a duty to conduct himself as reasonably prudent police officer flowing the standard operating procedures and training of New Castle County Police Department.

116.   Defendant Officer Doe had a duty to avoid seizing and arresting Edelmann and Pabon without justification.

117.   Defendant Officer Doe had a duty to avoid applying physical force to Edelmann and Pabon without justification.

118.   Defendant Officer Doe breached these duties by using a firearm against Edelmann and Pabon without justification, and wantonly violating other standard operating procedures and training of the New Castle County Police Department.

119.   As a result, Edelmann and Pabon suffered serious and permanent injuries and Defendant Officer Doe is liable to Plaintiffs including for exemplary and punitive damages.

## COUNT XII – *RESPONDEAT SUPERIOR*
## All Plaintiffs v. Defendants Bond and New Castle County

120.    Each of the foregoing paragraphs is hereby incorporated by reference as though fully set forth herein.

121.    The aforesaid acts of the defendant police officer were in the scope of their employment as police officers and therefore Defendants Bond and New Castle County, as principal, are liable for the actions of their agents under the doctrine of *respondeat superior*.

WHEREFORE, for each count stated herein, Plaintiffs demand judgment against the Defendants for damages, exemplary and punitive damages, costs, attorneys' fees, and such other additional relief, as this Court deems equitable and just.


## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court advance their case on the docket, orders a speedy trial, and causes this case to be in every way expedited, and, upon hearing, grant them judgment against the defendants, jointly and severally:

A.    Ordering defendants to make whole Plaintiffs from the adverse effects of the unlawful acts and practices complained of herein by providing relief that includes compensatory damages, pre- and post-judgment interest, exemplary and punitive damages, and any other damages as provided by law to compensate Plaintiffs for their injuries, damages and other losses suffered as a result of the deprivation of the constitutional and other rights of Plaintiff, including, but not limited to, pain and suffering, lost income, mental distress, emotional distress, emotional trauma, mental pain and suffering, fright, fear, anxiety, anguish, personal indignity, humiliation, embarrassment, discomfort, and other personal injuries, damages and losses;

23

B.      Retain jurisdiction over this action to assure full compliance with the Orders of

the Court;

C.      Grant Plaintiffs attorneys' fees, court costs, expert witness fees, and other

disbursements; and

D.      Grant such other and further relief as the Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules Civil Procedure, Plaintiffs demand a trial by

jury as to all counts of this action.


Dated: 05/25/2025

Respectfully submitted,

The Sharma Law Firm, LLC

By:_____
        Aman K. Sharma, Esquire (DE Bar #5706)
        aman@amansharmalaw.com
        The Sharma Law Firm, LLC
        Nemours Building
        1007 N. Orange St., 4th Floor
        Wilmington, DE 19801
        Ph. & Fax: 302-781-3077


Marrone Law Firm, LLC

By:_/s/ Joseph M. Marrone    /s/ Michael D. Pomerantz_
        Joseph M. Marrone, Esquire*
        Michael D. Pomerantz, Esquire*
        200 South Broad Street, Suite 610
        Philadelphia, PA 19102
        *Admission pending *pro hac vice*